```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ X
                                           :
LUCIANO ROSARIO,                           :
                       Plaintiff,          :   10 Civ. 6160 (DLC)
                                           :      MEMORANDUM
              -v-                          :   OPINION AND ORDER
                                           :
NEW YORK CITY DEPARTMENT OF EDUCATION,     :
                       Defendant.          :
                                           :
------------------------------------------ X
```

APPEARANCES:

For Pro Se Plaintiff:
Luciano Rosario
1184 Evergreen Ave.
Apt. 6D
Bronx, NY 10472

For Defendant:
Jeremy I. Huntone
New York City Law Department
100 Church St.
New York, NY 10007

DENISE COTE, District Judge:

Pro se plaintiff Luciano Rosario ("Rosario" or "plaintiff") brings this action against defendant New York City Department of Education ("NYCDOE") for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL"); and the New York City Human Rights Law, N.Y. City Admin. Code § 8-101 et seq. ("NYCHRL"). On December 21, 2010, defendant filed a motion to dismiss the plaintiff's December 10, 2010 amended complaint ("the

Complaint"). For the following reasons, the defendant's motion to dismiss Rosario's state law claims is granted and the defendant's motion to dismiss Rosario's Title VII claim is denied.

## BACKGROUND

The following facts are drawn from the Complaint and are assumed to be true for the purposes of this motion. Rosario began working for defendant as a per diem substitute teacher in March 2007. In September 2008, the NYCDOE suspended his employment. On June 11, 2009, Rosario filed a charge of discrimination with the New York State Division of Human Rights ("NYSDHR"), claiming that his suspension was the result of discrimination based on his arrest record, marital status, and sex, in violation of Title VII and NYSHRL. On December 18, 2009, the NYSDHR issued its Determination, dismissing Rosario's complaint and finding that there was "no probable cause to believe that [NYCDOE] has engaged in or is engaging in the unlawful discriminatory practice complained of." On June 17, 2010, the EEOC issued a right-to-sue letter adopting the NYSDHR Determination's finding of "no probable cause."

On August 17, 2010, plaintiff filed a complaint alleging discrimination based on race, national origin, and age. Defendant filed a motion to dismiss on December 7, 2010, but on

2

December 10, Rosario filed an amended complaint alleging discrimination based solely on national origin.  By Order dated December 14, defendant's December 7 motion to dismiss was terminated as moot.

On December 21, the defendant filed a motion to dismiss the amended complaint.  In opposition to this motion, plaintiff appears to assert that he was replaced with less qualified mathematics teachers after the assistant principal in his school told him that he spoke with a "Dominican accent."  He contends that he suffered discrimination because he is from the Dominican Republic.  On March 3, 2011, the December 21 motion became fully submitted.

## DISCUSSION

The December 21 motion moves to dismiss the Complaint on two grounds: (1) that election of remedies provisions in both the NYSHRL and the NYCHRL preclude Rosario from bringing his state statutory claims; and, (2) that Rosario has failed to allege facts adequate to state a claim for relief under Title VII.

I.   NYSHRL and NYCHRL Claims

NYCDOE contends that since the plaintiff filed an administrative complaint with the NYSDHR, the election of remedies provisions in the NYSHRL and the NYCHRL preclude Rosario from bringing his state law claims in this Court.

Rosario's opposition to the motion does not address this argument.

Section 297 of the NYSHRL provides, in relevant part, that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction . . . unless such person had filed a complaint hereunder [with the NYSDHR]." N.Y. Exec. Law § 297(9) (McKinney 2009). Similarly, § 8-502(a) of the NYCHRL provides that "any person claiming to be aggrieved by an unlawful discriminatory practice . . . shall have a cause of action in any court of competent jurisdiction . . . unless such person has filed a complaint with the . . . state division of human rights with respect to such alleged unlawful discriminatory practice." N.Y.C. Admin. Code § 8-502(a) (1999).

Claims need not be identical in order to be barred by the state or city election of remedies provisions.[1] See Bhagalia v. State, 644 N.Y.S.2d 398, 399 (App. Div. 1996). A "[c]laimant cannot avoid the jurisdictional bar by merely adding additional elements of damage arising out of the same underlying conduct [or] by changing his legal theory." Id. "[A]ttempts to recover

---

[1] The Second Circuit has noted that the language in §§ 279(9) and 8-502(a) is "nearly identical . . . and discussion of the latter applies equally to the former." York v. Assoc. of Bar of City of N.Y., 286 F.3d 122, (2d Cir. 2002). Therefore, this discussion does not distinguish between the NYCHRL and NYSHRL claims.

4

for [the same] injuries under . . . slightly different labels" are subject to dismissal. Horowitz v. Aetna Life Ins., 539 N.Y.S.2d 50, 52 (App. Div. 1989). "The question is whether a sufficient identity of issue exists between the complaint before the division and the instant claim." Spoon v. Am. Agriculturalist, Inc., 478 N.Y.S.2d 174, 175 (App. Div. 1984).

Since the underlying facts of the claim Rosario brought before the NYSDHR are almost identical to those alleged in this case, the plaintiff's state law claims are barred pursuant to NYSHRL § 279(9) and NYCHRL § 8-502(a). Although the NYSDHR complaint alleged discrimination based on arrest record, marital status, and sex as opposed to discrimination based on national origin, the conduct underlying both claims is the same: Rosario contends he was suspended due to a discriminatory practice. By alleging that NYCDOE discriminated against him on the basis of his national origin instead of his arrest record, Rosario asserts only a new "legal theory," which is insufficient to avoid the jurisdictional bar established by §§ 279(9) and 8-502(a).

II. Title VII Claim

The plaintiff brings a Title VII claim alleging discrimination based on his national origin.[2]  "Under Federal

---

[2] Rosario also asserts "the Constitution says in court I need a lawyer, which never happened in my previous case and became

5

Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). For a plaintiff's claim to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007) (citation omitted)). Applying this plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

A court considering a motion to dismiss pursuant to Rule 12(b)(6) "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir. 2008) (citation omitted). Moreover, pleadings filed by pro se plaintiffs are to be construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94(2007) (per curiam); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). A complaint must do more, however, than offer "naked assertions devoid of further factual enhancement," and a court

---

guilty, while I was innocent." To the extent this claim is a reference to proceedings in state court or before the NYSDHR, it is not properly raised against the defendant in this action, the NYCDOE.

is not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Iqbal</u>, 129 S. Ct. at 1949-50 (quoting <u>Twombly</u>, 550 U.S. at 555, 557).

Title VII makes "it an unlawful employment practice for an employer . . . to discharge any individual . . . <u>because</u> of such individual's . . . national origin." 42 U.S.C. § 2000e-2(a)(1) (emphasis supplied). Plaintiff has alleged facts in his opposition to this motion which would be adequate if pleaded in his complaint to survive a motion to dismiss. Statements concerning Rosario's accent and Dominican origin provide the defendant with fair notice of a plausible claim of discrimination.

CONCLUSION

The plaintiff's state law claims are dismissed. Defendant's December 21, 2010 motion to dismiss Rosario's Title VII claim is denied.

SO ORDERED:

Dated:   New York, New York
         April 15, 2011

_____
DENISE COTE
United States District Judge